```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA

JAMES M. BOONE                              CIVIL ACTION

VERSUS                                      NO: 12-150

RANDAL NICHOLS, ET AL.                      SECTION: R(4)
```

## ORDER AND REASONS

Before the Court is defendant James Cone's motion to dismiss[1] and defendant Randal Nichols, Eric Counts and Wille Lane's motion to dismiss.[2] Because plaintiff did not make a *prima facie* showing of minimum contacts justifying the Court's jurisdiction, defendants' motions are GRANTED.

**I.   BACKGROUND**

On January 31, 2012, plaintiff James Boone filed a complaint against Randal Nichols, the District Attorney General for the 6th Judicial District of Tennessee, Willie Lane and Eric Counts, Assistant District Attorneys General for the 6th Judicial District of Tennessee, and James Cone, an attorney practicing in Tennessee.

---

[1]   R. Doc. 10

[2]   R. Doc. 11.

Defendant Cone moves for dismissal for lack of personal jurisdiction and improper venue.  He also moves for a more definite statement.  Defendants Nichols, Lane and Counts move to dismiss.  They argue that the Court lacks subject matter jurisdiction over the defendants, personal jurisdiction over the defendants, that claims against defendants in their individual capacities are barred by prosecutorial immunity, that venue is improper, and that plaintiff failed to comply with Federal Rule of Civil Procedure 8.

## II.  STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication."  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 1570 (1999) (internal citation omitted).  When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists.  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing.  *Guidry v. United States Tobacco Co., Inc.*, 188 F.3d

619, 625 (5th Cir. 1999).  The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs.  *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment.  *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999).  Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements.  *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)(citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice."  *Latshaw*, 167 F.3d at 211 (citing *Int'l

3

*Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or related to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n.8.

**III. DISCUSSION**

All of the defendants in this matter are residents of Tennessee, and are therefore non-resident defendants.[3] Although plaintiff's complaint is difficult to decipher, it appears that

---

[3] Plaintiff does not dispute this fact. Indeed, his complaint states that "all other defendants are residents and domiciled in Knox County, TN." R. Doc. 1 at 1.

the events forming the basis of plaintiff's allegations occurred in Tennessee.  Plaintiff conclusorily asserts that personal jurisdiction is proper because "discovery will show all significant contacts and substantional [sic] interests are here in the Parish of Orleans."[4]  Plaintiff, however, alleges no facts establishing that the defendants have had any contact with Louisiana, much less that they have had sufficient minimum contacts with this state to support the exercise of either general or specific personal jurisdiction.  Accordingly, plaintiff has failed to make a *prima facie* showing that this Court has personal jurisdiction over the defendants.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion and dismisses plaintiff's case without prejudice.

New Orleans, Louisiana, this 4th day of April, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[4]  *Id.*